IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENT EUGENE TURNBAUGH,

  Petitioner,

v.            CASE NO. 5:17-cv-94-MCR-GRJ

WARDEN BLACKMON,

  Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss.
(ECF No. 9.) Petitioner has filed a response in opposition (ECF No. 10)
and the matter is otherwise ripe for review. Upon due consideration, the
undersigned recommends that the motion to dismiss be granted and the
amended petition be dismissed.

## I. Background

The Amended § 2241 Habeas Corpus Petition ("Petition") stems from
Petitioner's guilty plea in the District of Maryland to transporting material
depicting minors engaged in sexually explicit conduct, in violation of 18
U.S.C. § 2252(a)(2). (ECF No. 6); *United States v. Turnbaugh*, No. 1:07-cr-
00351-RDB-1 (D. Md. Nov. 8, 2007). Petitioner was sentenced on

February 1, 2008, to a term of 188 months imprisonment, followed by life on supervised release. (ECF No. 6); *Turnbaugh*, No. 1:07-cr-00351-RDB-1, ECF No. 9. Petitioner did not file a direct appeal, nor a motion to vacate under 28 U.S.C. § 2255. (ECF No. 6.)

Instead, Petitioner initiated this case on March 24, 2017, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), which he amended on April 24, 2017. (ECF No. 6.)

## II. Discussion

Petitioner raises one ground for relief in his Petition: Actual innocence. (ECF No. 6.) Petitioner says he is actually innocent because the government violated his right to a fast and speedy trial under the Sixth Amendment by failing to indict him within thirty days after the complaint had been filed. (*Id.* at 3, 6.) Petitioner says he is entitled to habeas relief under the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014). (ECF No. 10.) Petitioner argues that he can pursue habeas relief under § 2241 via the saving clause in § 2255(e) because the Supreme Court decided *Burrage* afer the time frame had expired for him to file a motion under § 2255. (*Id.*)

The Petition is due to be dismissed because Petitioner cannot satisfy

the requirements of § 2255(e) to bring a petition under § 2241. (ECF No. 9.) The Court, therefore, does not have subject matter jurisdiction.

Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Congress established § 2255 as the primary means of collateral attack on a federal sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *cf. Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (challenges to the *execution* of sentence, rather than the validity of the sentence itself, are properly brought under § 2241). Thus, any challenge to his conviction or sentence should have been brought under § 2255. Petitioner failed to timely file a § 2255 motion.

Furthermore, Petitioner cannot satisfy the saving clause requirements of § 2255(e). The savings clause permits a federal prisoner to seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." § 2255(e). This provides a very different, and much more limited, avenue of relief than a § 2255 motion to vacate or correct an illegal sentence.

> When Congress enacted section 2255, it created a mechanism for a prisoner to challenge his 'sentence' in the court that

sentenced him, but Congress left open the opportunity for a prisoner to file a petition for a writ of habeas corpus in the district of his confinement "to test the legality of his detention."

*Samak v. Warden, FCC Coleman-Medium,* 766 F.3d 1271, 1279 (11th Cir. 2014) (Pryor, J., concurring); *compare* § 2255(a) (vacating, setting aside, or correcting the *sentence*), *with* § 2255(e) (testing the legality of the *detention*). A prisoner may proceed under § 2241 "only when he raises claims outside the scope of § 2255(a), that is, claims concerning the *execution* of his sentence." *Antonelli*, 542 F.3d at 1352 n.1 (emphasis added). Challenges to the execution of a federal sentence include federal parole commission decisions, *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985), military court martials, *Betonie v. Sizemore*, 496 F.2d 1001, 1005 (5th Cir. 1974), federal Bureau of Prison regulations excluding a class of prisoners from early release, *Lopez v. Davis*, 531 U.S. 230 (2001), and certain limited immigration proceedings.

Whether the saving clause applies is a jurisdictional issue that the court must determine before reviewing the merits of the § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir. 2013). The petitioner bears the burden of demonstrating that he can satisfy the saving clause under § 2255(e). *Mackey v. Warden, FCC*

*Coleman-Medium*, 739 F.3d 657, 661 (11th Cir. 2014).

Petitioner's claim is foreclosed by binding Eleventh Circuit precedent. In *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017) the Court sitting *en banc* addressed the meaning of inadequate or ineffective under the savings clause. The Court stated: "'[I]nadequate or ineffective' . . . connotes that the saving clause permits a prisoner to bring a claim in a petition for habeas corpus that could not have been raised in his initial motion to vacate." *Id.* This applies even where there is a change in case law. The *McCarthan* Court concluded that: "[a] change in caselaw does not trigger relief under the saving clause. Whether circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" *Id.* at 1085–86 (quoting *Samak*, 766 F.3d at 1276) (internal quotations omitted). That same reason applies to this case.

Petitioner could have raised the claims brought in this case in a § 2255 motion but he chose not to do so. And even if there was a change in the law (which there was not) does not mean that a motion under § 2255 was an inadequate or ineffective remedy. The Court therefore does not

have subject matter jurisdiction to address Petitioner's claim.

Alternatively, even assuming Petitioner could satisfy the saving clause and pursue relief via § 2241—which he cannot—*Burrage* does not apply to Petitioner's case. In *Burrage* the Supreme Court held that in order to apply the 20 year statutory minimum sentencing enhancement under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the United States must prove that "but-for" ingesting the narcotic distributed by the defendant, the victim would not have died. 134 S. Ct. at 892; *see* § 841(b)(1)(C) (providing that "such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life").

Petitioner did not plead guilty to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), or any other drug crime for that matter. Instead, Petitioner pled guilty to 18 U.S.C. § 2252(a)(2), transporting material depicting minors engaged in sexually explicit conduct. And Petitioner's claim here does not concern any statutory minimum sentencing enhancement. Thus, *Barrage* has nothing to do with Petitioner's case. Accordingly, the Petition should be dismissed.

### III. Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1.     Respondent's Motion to Dismiss, ECF No. 9, should be **GRANTED**; and

2.     The Amended § 2241 Habeas Corpus Petition, ECF No. 6, should be **DISMISSED.**

**IN CHAMBERS** this 20th day of September 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.